IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MICHAEL D. WILLIAMS, )
a.k.a. Michael Dwayne Williams,[1] )
ID # 727667, )
      Petitioner, )
vs. ) No. 3:08-CV-1381-K (BH)
) ECF
NATHANIEL QUARTERMAN, Director, ) Referred to U.S. Magistrate Judge
Texas Department of Criminal )
Justice, Correctional Institutions Division, )
      Respondent. )

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case**

Petitioner, a Texas prisoner currently incarcerated on a twenty-year sentence imposed in Cause No. F94-03570 [hereinafter referred to as current conviction], filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254[2] to challenge his January 7, 1986 conviction in Dallas County for sexual assault in Cause No. F85-83830-LJ [hereinafter referred to as 1986 conviction], which was used to enhance his current sentence.[3] Respondent is Nathaniel Quarterman, Director of the Texas Department of Criminal Justice - Correctional Institutions Division.

---

[1] The Clerk of Court is directed to include the a.k.a. on the docket in this case for record-keeping purposes.

[2] In his supporting memorandum, petitioner attempts to transform this § 2254 action to one brought pursuant to 28 U.S.C. § 2241(c)(3) so as to avoid the restrictive standards of § 2254. (*See* Mem. Law at 3, attached to Pet. Writ of Habeas Corpus.) Petitioner's arguments for considering the instant petition as arising under § 2241(c)(3) are unavailing. Because petitioner is in custody pursuant to a judgment of a State court, *i.e.*, the judgment entered in Cause No. F94-03570TK, this action is properly considered as a § 2254 petition. Specific provisions, such as § 2254, govern over more general ones like § 2241. *Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 279 n.4 (2d Cir. 2003); *Coady v. Vaughn*, 251 F.3d 480, 484-85 (3d Cir. 2001).

[3] In his supporting memorandum, petitioner indicates that he is not challenging any judgment of conviction, but instead "seeks only the enforcement of his constitutionally protected right to have appellate counsel appointed and the right to appeal as conveyed by statute." (Mem. Law at 3.) Despite his creative characterization, petitioner challenges the validity of the judgment from his 1986 conviction that was used to enhance his sentence on his current conviction.

## B. Procedural History

On January 7, 1986, petitioner pled guilty to sexual assault, and was sentenced to five years imprisonment. (Pet. Writ of Habeas Corpus (Pet.) at 2.) He has completely served that sentence. (*See* Mem. Law at 2.) The Court received the instant petition on August 8, 2008. Petitioner claims that he was denied his right to counsel on appeal. (Pet. at 7.)

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). The Court may *sua sponte* raise the jurisdictional issue at any time. *Id.*; *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999). Fed. R. Civ. P. 12(h)(3) requires federal courts to dismiss an action whenever the court determines that it lacks jurisdiction over the subject matter. From a review of the documents filed in this action, it is clear that, when petitioner filed his federal petition, he was not in custody on the conviction that he challenges herein. It thus appears that the Court lacks subject matter jurisdiction over this action.

Federal district courts have jurisdiction to entertain petitions for writs of habeas corpus only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. One satisfies the "in custody" requirement, when the challenged conviction has not fully expired at the time the petitioner files a petition under § 2254. *See Carafas v. Lavallee*, 391 U.S. 234, 238 (1968). One is not "in custody" for a particular conviction when he or she "suffers no present restraint" from the challenged conviction. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). "[O]nce the sentence imposed for a conviction has completely expired, the collateral conse-

2

quences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.*

In this instance, petitioner challenges a 1986 conviction that resulted in a five-year sentence of incarceration. Petitioner concedes that he has fully served the five-year sentence. Having fully served his sentence for the 1986 conviction, petitioner is no longer "in custody" such that he can challenge that conviction under 28 U.S.C. § 2254. Consequently, this Court lacks jurisdiction over the instant habeas petition.[4]

The Court could reasonably construe petitioner's challenge to his 1986 conviction as a challenge to the conviction for which he is still incarcerated. In *Maleng*, a petitioner purported to challenge an expired 1958 conviction that had been used to enhance his 1978 conviction. *See* 490 U.S. 488, 489-90 (1989). Despite the petitioner's express contention that he was challenging the 1958 conviction, the Supreme Court found the "in custody" requirement satisfied because it could reasonably construe the action as a challenge to the 1978 conviction as enhanced by the 1958 conviction. *See id.* at 493-94. In this case, however, the Court cannot reasonably construe the instant action as a challenge to petitioner's current conviction. Petitioner has previously challenged his current conviction. *See Williams v. Johnson*, No. 3:98-CV-2267-G (N.D. Tex.) (denying petition on the merits); *Williams v. Cockrell*, No. 3:02-CV-0530-M (N.D. Tex.) (dismissing petition as successive). Because the Fifth Circuit has not granted petitioner authorization to file a successive habeas petition, the Court lacks jurisdiction to construe the instant petition challenging petitioner's 1986 conviction as a challenge to his current sentence. *Cf. Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999) (per curiam) (holding that "the district court lacked jurisdiction to construe [a § 2241] petition as a § 2255 motion because [the petitioner] had not received prior authorization from [the court of appeals] to file a successive § 2255 motion"). The Court thus declines to construe the instant action as a challenge to petitioner's current conviction.

---

[4] Because § 2241(c)(3) also contains a custody requirement for jurisdiction, the Court would likewise lack jurisdiction under that section.

Because petitioner is not in custody on the challenged 1986 conviction, the Court lacks jurisdiction over the instant federal petition.

## III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DISMISS** the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 for lack of subject matter jurisdiction.

**SIGNED this 2nd day of September, 2008.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE